they must consist (1) of contiguous territory, (2) having an area of not less than thirty-six nor more than seventy-two square miles, (3) bounded by town, school district, section or half-section lines except in certain cases. Our attention is called to sec. 40.47, Stats., which provides for the maintenance of schools only in districts conforming to the requirements of the law of that section. In *State ex rel. Time Ins. Co. v. Superior Court,* 176 Wis. 269, 186 N. W. 748, this court in a somewhat analogous situation said:

"Every statute is to be construed with reference to the general system of laws of which it forms a part, and must therefore be interpreted in the light of the customary or unwritten law, of other statutes on the same subject, and of the decisions of the courts."

Manifestly this law, applied to the subject matter of this case, leads to an impracticable and absurd result. Since it does so, we must look to the general scheme of the statutes of which this forms a part, and from such general scheme we must determine what the limitations are as to the amount of territory that must be left in case of a detachment of territory from a district. The laws already noted leave no doubt as to what the minimum must be. For this reason the trial court correctly decided the case.

*By the Court.*—Judgment affirmed.

---

STATE EX REL. ENNIS and others, Appellants, vs. LONGBOTHAM, Respondent.

*November 20—December 8, 1925.*
*State ex rel. Morgan v. Dornbrook, ante,* p. 426, followed.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Petition for a writ of *mandamus* to compel the defendant, as county superintendent of schools of Rock county, to make

an order detaching designated territory from the union free high school district of Orfordville, and parts of the towns of Spring Valley, Plymouth, and Avon joint school district of Rock county, pursuant to the provisions of ch. 251, Laws of 1925. If the designated territory were detached it would leave a district of much less than thirty-six sections in area. The court denied the petition, and the plaintiffs appealed.

For the appellants the cause was submitted on the brief of *McGowan, Geffs & Fox* of Janesville.

*Nolan, Dougherty, Grubb & Ryan* of Janesville, for the respondent.

VINJE, C. J. This case is governed by the case of *State ex rel. Morgan v. Dornbrook, ante,* p. 426, 206 N. W. 57.

*By the Court.*—Order affirmed.

SPRAGUE, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 21—December 8, 1925.*

*Criminal law: Officer abstracting funds from bank: Intent as element of offense: Failure to allege wrongful intent: Immaterial error: Witness: Cross-examination of party: Instructions: Banks: When insolvent: Evidence as to unauthorized loans by defendant: Appeal: Harmless error.*

1. To constitute an offense under sec. 221.39, Stats., an officer of a bank charged with abstracting its funds must have done so with intent to wrong or defraud the bank.   p. 437.
2. In a prosecution under said sec. 221.39, Stats., the omission of the words "with intent to wrong and defraud the bank" from the information is not reversible error, in view of secs. 269.43, 274.37, and 355.23, where the defendant on appeal claims he proceeded on the theory that he was charged with embezzlement under sec. 4418 and was convicted for the wrong-